IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:18CR 76 |
| MARITZA CLAUDIA FERNANDA LORZA RAMIREZ a.k.a. "Claudia" | § § § | Judge Crone |

FILED
MAY 10 2018
Clerk, U.S. District Court
Texas Eastern

**INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

At all times material to this Indictment:

**General Allegations**

1. The Revolutionary Armed Forces of Colombia (called the "FARC" after its initials in Spanish) was a rebel group or a guerilla movement involved in on-going, armed conflict against the Colombian government using the cocaine trade to finance its insurgency;

2. In or about November of 2016, the Colombian government entered into a peace agreement with the FARC. As part of the peace agreement, FARC members were granted amnesty, given reduced sentences and/ or promised that they would not be extradited to the United States for prosecution of crimes they had committed;

3. **Maritza Claudia Fernanda Lorza Ramirez a.k.a. "Claudia"** was a Colombian attorney;

4. *United States v. Juan Carlos Melo Guerrero a.k.a. "Aurelio"* was a drug trafficking case pending in the United States District Court for the Eastern District of Texas;

5. *United States v. Ramiro Figueroa Legarda aka "Ramiro" or "Rocco"* was a drug trafficking case pending in the United States District Court for the Eastern District of Texas;

6. *United States v. Gerardo Enrique Obando Montano a.k.a. "Cheko"* was a drug trafficking case pending in the United States District Court for the Eastern District of Texas;

7. *United States v. Tomas Martinez Minota a.k.a. "Patas" or "Manaba"* was a drug trafficking case pending in the United States District Court for the Eastern District of Texas and in the United States District Court for the Southern District of Florida;

8. *United States v. Edinson Perlaza-Orobio a.k.a. "Encho"* was a drug trafficking case pending in the United States District Court for the Southern District of Florida;

9. *United States v. Ceneiber Quinones-Jurado a.k.a. "Economico"* was a drug trafficking case pending in the United States District Court for the Southern District of Florida;

10. A common and well-accepted law enforcement technique is for the government to offer a member of a drug conspiracy the opportunity to cooperate with, and provide information to, the government, and this information is then used to investigate

and prosecute other members of the conspiracy. No defendant must pay the government for the opportunity to cooperate. Rather, in exchange for a defendant's cooperation and truthful information, the government may request that the cooperating defendant receive a reduced sentence. Whether to follow the government's recommendation and reduce the sentence is in the sole discretion of the federal sentencing judge.

<u>**Count One**</u>

> Violation: 18 U.S.C. § 1503 and 2
> (Obstruction of Justice and Aiding and Abetting)

Beginning in or about 2016, the exact date unknown to the Grand Jury, and continuing thereafter up to and including the date of the filing of this Indictment, in the Eastern District of Texas and elsewhere, **Maritza Claudia Fernanda Lorza Ramirez a.k.a. "Claudia"** defendant herein, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally corruptly endeavor to influence, obstruct and impede the due administration of justice in *United States v. Juan Carlos Melo Guerrero a.k.a. "Aurelio," United States v. Ramiro Figueroa Legarda aka "Ramiro" or "Rocco," United States v. Gerardo Enrique Obando Montano a.k.a. "Cheko,"* and in *United States v. Tomas Martinez Minota a.k.a. "Patas" or "Manaba,"* cases in the Eastern District of Texas by, among other acts, undermining the functioning of the federal justice system by informing Juan Carlos Melo Guerrero a.k.a. "Aurelio," Ramiro Figueroa Legarda a.k.a. "Ramiro" or "Rocco," Gerardo Enrique Obando Montano a.k.a. "Cheko" and Tomas Martinez Minota a.k.a. "Patas" or "Manaba" or a representative that

the defendant and others could assist them in avoiding extradition to the United States for prosecution in the Eastern District of Texas and corruptly influence government officials in relation to criminal charges, which conduct hampered further cooperation by said Juan Carlos Melo Guerrero a.k.a. "Aurelio," Ramiro Figueroa Legarda a.k.a. "Ramiro" or "Rocco," Gerardo Enrique Obando Montano a.k.a. "Cheko" and Tomas Martinez Minota a.k.a. "Patas" or "Manaba" and also affected on-going criminal investigations in the Eastern District of Texas and elsewhere.

In violation of 18 U.S.C. §§ 1503, 1512(h) and (i) and 2.

### Count Two

Violation:  18 U.S.C. §§1512(b)(2)(D) and 2 (Corruptly Persuading Another Person to be Absent from an Official Proceeding)

Beginning in or about 2016, the exact date unknown to the Grand Jury, and continuing thereafter up to and including the date of the filing of this Indictment, in the Eastern District of Texas and elsewhere, **Maritza Claudia Fernanda Lorza Ramirez a.k.a. "Claudia"** defendant herein, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally attempt to corruptly persuade and did corruptly persuade and attempt to engage and did engage in misleading conduct toward Juan Carlos Melo Guerrero a.k.a. "Aurelio," Ramiro Figueroa Legarda a.k.a. "Ramiro" or "Rocco," Gerardo Enrique Obando Montano a.k.a. "Cheko" and Tomas Martinez Minota a.k.a. "Patas" or "Manaba" by informing them and their representative that the defendant could assist them with adding their names to a list of FARC members to avoid extradition

to the United States when they were not FARC members and further that the defendant could influence officials in the United States to obtain favorable outcomes in cases pending in the United States District Court in the Eastern District of Texas with the intent to cause and induce Juan Carlos Melo Guerrero Ramiro a.k.a. "Aurelio," Figueroa Legarda a.k.a. "Ramiro" or "Rocco," Gerardo Enrique Obando Montano a.k.a. "Cheko" and Tomas Martinez Minota a.k.a. "Patas" or "Manaba" and to be absent from an official proceeding to which they had been summoned by legal process in the following cases: *United States v. Juan Carlos Melo Guerrero a.k.a. "Aurelio," United States v. Ramiro Figueroa Legarda aka "Ramiro" or "Rocco," United States v. Gerardo Enrique Obando Montano a.k.a. "Cheko," United States v. Tomas Martinez Minota a.k.a. "Patas" or "Manaba."*

In violation of 18 U.S.C. §§1512(b)(2)(D), 1512(h) and (i) and 2.

### Count Three

Violation: 18 U.S.C. §1512(k)
(Conspiracy to Corruptly Persuade Another Person to be Absent from an Official Proceeding)

Beginning in or about 2016, the exact date unknown to the Grand Jury, and continuing thereafter up to and including the date of the filing of this Indictment, in the Eastern District of Texas and elsewhere, **Maritza Claudia Fernanda Lorza Ramirez a.k.a. "Claudia"** defendant herein, did knowingly and intentionally combine, conspire and agree with others known and unknown to the Grand Jury, to corruptly persuade and engage in misleading conduct toward Juan Carlos Melo Guerrero a.k.a. "Aurelio," Ramiro

Figueroa Legarda a.k.a. "Ramiro" or "Rocco," Gerardo Enrique Obando Montano a.k.a. "Cheko," Tomas Martinez Minota a.k.a. "Patas" or "Manaba," Edinson Perlaza-Orobio a.k.a."Encho," and Ceneiber Quinones-Jurado a.k.a. "Economico" by informing them and their representative that the defendant could assist them with adding their names to a list of FARC members when they were not FARC members to avoid extradition to the United States and further that the defendant could influence officials in the United States to obtain favorable outcomes in cases pending in the United States District Court in the Eastern District of Texas with the intent to cause and induce Juan Carlos Melo Guerrero a.k.a. "Aurelio," Ramiro Figueroa Legarda a.k.a. "Ramiro" or "Rocco," Gerardo Enrique Obando Montano a.k.a. "Cheko," Tomas Martinez Minota a.k.a. "Patas" or "Manaba," Edinson Perlaza-Orobio a.k.a."Encho," and Ceneiber Quinones-Jurado a.k.a. "Economico" to be absent from an official proceeding to which they had been summoned by legal process in the Eastern District of Texas or the Southern District of Florida in the following cases: *United States v. Juan Carlos Melo Guerrero a.k.a. "Aurelio," United States v. Ramiro Figueroa Legarda aka "Ramiro" or "Rocco," United States v. Gerardo Enrique Obando Montano a.k.a. "Cheko," United States v. Tomas Martinez Minota a.k.a. "Patas" or "Manaba," United States v. Edinson Perlaza-Orobio a.k.a."Encho,"* and *United States v. Ceneiber Quinones-Jurado a.k.a. "Economico.*

**Overt Act**

As an example, **Maritza Claudia Fernanda Lorza Ramirez a.k.a. "Claudia"** committed the following overt act, among others, in furtherance of the conspiracy:

In or about June of 2017, **Maritza Claudia Fernanda Lorza Ramirez a.k.a. "Claudia"** met with Juan Carlos Melo Guerrero a.k.a. "Aurelio" and others and told Melo Guerrero a.k.a. "Aurelio" that she could help him avoid extradition to the United States by placing him on the FARC list as a member of the FARC. **Lorza Ramirez a.k.a. "Claudia"** was told that Melo Guerrero a.k.a. "Aurelio" was never a FARC member. However, **Lorza Ramirez a.k.a. "Claudia"** said that was not a problem and in exchange for the approximate equivalent of $568,000 U.S. dollars, she could have him placed on the FARC list. Additionally, she reported that she knew a DEA agent in Texas who could help ensure that Melo Guerrero a.k.a. "Aurelio" would not be extradited to the U.S.

In violation of 18 U.S.C. §§ 1512(b)(2)(D), 1512(h), (i), and (k).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

Criminal Forfeiture Pursuant to 18 U.S.C. §§ 982(a)(1) and 981(a)(1)(c) by 28 U.S.C. § 2461

As a result of committing the offenses charged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in a violation of 18 U.S.C. § 1956(h), or any property traceable to such property, and any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1503, including, but not limited to, the following:

**Cash Proceeds**:

Approximately $1,500,000.00 in proceeds in that such sum in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the offenses alleged in this Indictment.

**Substitute Assets**

Moreover, if, as a result of any act or omission of any defendant, any property subject to forfeiture:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with a third person;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

The United States intends to seek forfeiture of any other property of each defendant up to the value of the forfeitable property, including but not limited to all property, both real and personal owned by each defendant. As a result of the commission of the offenses alleged in this Indictment, any and all interest that the defendant has in any such property is vested in and forfeited to the United States.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____      5-10-18
HEATHER HARRIS RATTAN     Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | No. 4:18CR |
| | § | Judge |
| MARITZA CLAUDIA FERNANDA LORZA RAMIREZ a.k.a. "Claudia" | § § | |

## NOTICE OF PENALTY

### Count One

Violation:            18 U.S.C. §§ 1503 and 2

Penalty:              Imprisonment for not more than ten (10) years, a fine not to exceed $250,000.00 or twice the value of the property involved in the transaction, whichever is greater, or both. A term of supervised release of not more than three (3) years.

Special Assessment:   $100.00

### Count Two

Violation:            18 U.S.C. §§ 1512(b)(2)(D) and 2

Penalty:              Imprisonment for not more than twenty (20) years, a fine not to exceed $250,000.00. A term of supervised release of not more than three (3) years.

Special Assessment:   $100.00

### Count Three

Violation:            18 U.S.C. §§ 1512(k)

Penalty:              Imprisonment for not more than twenty (20) years, a fine not to exceed $250,000.00. A term of supervised release of not more than three (3) years.

Special Assessment:   $100.00

Notice of Penalty
Page 1