UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 4:18-CR-76-SDJ |
| | § |
| MARITZA CLAUDIA FERNANDA | § |
| LORZA RAMIREZ (1) | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Maritza Claudia Fernanda Lorza Ramirez's Motion to Dismiss Indictment for a Violation of Federal Rule of Criminal Procedure 48(b). (Dkt. #7). The Government has responded to the motion. (Dkt. #19). Having considered the parties' filings and the relevant law, the Court concludes that Ramirez's motion should be **DENIED**.

### I. BACKGROUND

Ramirez is a lawyer from Colombia. On May 10, 2018, a federal grand jury indicted her on charges of obstruction of justice and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1503; corruptly persuading another person to be absent from an official proceeding, in violation of 18 U.S.C. § 1512(b)(2)(D); and conspiracy to corruptly persuade another person to be absent from an official proceeding, in violation of 18 U.S.C. § 1512(k). (Dkt. #1). The indictment alleges that Ramirez assisted narcotic traffickers in delaying and circumventing the extradition process from Colombia to the United States by deploying a deceptive scheme involving a 2016 Peace Accord between the Colombian government and the Revolutionary Armed Forces of Colombia. (Dkt. #1).

1

Based on the charges in the indictment, Ramirez was arrested in Colombia on June 22, 2019. She challenged her extradition in the Colombian courts. On March 24, 2021, the Colombian Supreme Court affirmed that Ramirez's extradition was lawful, but only on one count of the indictment: obstruction of justice and aiding and abetting that offense. (Dkt. #7-2). About three weeks later, the United States Embassy in Bogota received notice from the Colombian Government advising that Ramirez's extradition had been approved and requesting that the U.S. Government provide certain assurances necessary for extradition. (Dkt. #19-1 at 1). The U.S. Embassy provided the requested assurances by diplomatic note on August 25, 2021. (Dkt. #19-1 at 1). Then, on September 10, 2021, Ramirez was surrendered to U.S. authorities and transported to the Eastern District of Texas. (Dkt. #19-1 at 1). She made her initial appearance a few days later. (Dkt. #10).

Ramirez now moves to dismiss the indictment. (Dkt. #7). Notably, she does not seek dismissal based on the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), or the Speedy Trial Clause of the Sixth Amendment to the Constitution. *See* (Dkt. #7 at 4). Ramirez argues, instead, that the delay in extraditing her violated Federal Rule of Criminal Procedure 48(b). (Dkt. #7 at 1, 4). The Government opposes the motion. (Dkt. #19).

## II. DISCUSSION

Federal Rule of Criminal Procedure 48(b)(3) provides that "[t]he court may dismiss an indictment, information, or complaint if unnecessary delay occurs in . . . bringing a defendant to trial." Although somewhat related to the Sixth Amendment right to a speedy trial, Rule 48(b) extends beyond constitutional violations and

embraces the inherent power of a court to dismiss an indictment for unnecessary delay. *United States v. Novelli*, 544 F.2d 800, 803 (5th Cir. 1977). That said, dismissal is required only if "the constitutional speedy trial right has been flouted." *United States v. Hill*, 622 F.2d 900, 908 (5th Cir. 1980) (citations omitted). Unless the Sixth Amendment has been violated, "a district court has extremely broad discretion regarding whether to dismiss under Rule 48(b)." *United States v. Garcia*, 995 F.2d 556, 561 n.8 (5th Cir. 1993).

In determining whether a defendant has been denied her Sixth Amendment speedy-trial right, a court must consider the so-called *Barker* factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertions of her right; and (4) prejudice to the defendant. *United States v. Frye*, 372 F.3d 729, 735 (5th Cir. 2004) (quoting *United States v. Cardona*, 302 F.3d 494, 496 (5th Cir. 2002), and *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). The length of delay is a "triggering mechanism" for determining whether a court must examine the other three *Barker* factors. *United States v. Serna-Villarreal*, 352 F.3d 225, 230 (5th Cir. 2003). How long is long enough to trigger examination of the remaining *Barker* factors is necessarily a case-specific inquiry, but delay exceeding one year generally is sufficient to meet this threshold requirement. *Id.*

When balancing the *Barker* factors, courts weigh the first three factors against any prejudice the defendant has suffered because of the delay in prosecution. *Id.* at 230–31. The defendant has the burden to show prejudice from delay of her trial. *Id.* at 230. And unless the first three *Barkers* factors weigh so heavily in the defendant's

3

favor that prejudice is presumed, the defendant must demonstrate "actual prejudice" to prove a violation of her right to a speedy trial. *Id.* at 231.

Here, as noted above, Ramirez has not asserted that the delay in bringing her to trial has violated her Sixth Amendment speedy-trial right. And neither party addresses the *Barker* factors. Nonetheless, the appropriate analysis under Rule 48(b) "requires the application of the *Barker* factors." *United States v. Harrison*, 918 F.2d 469, 474 (5th Cir. 1990); *see also United States v. Barboza*, 612 F.2d 999, 1001 (5th Cir. 1980) (per curiam). Accordingly, the Court will address those factors in determining whether the delay at issue is so "unnecessary" that it warrants dismissal under Rule 48(b).

**A. Length of Delay**

As to the threshold inquiry under *Barker*, the approximately three-and-a-half-year delay between Ramirez's indictment and her tentative trial date is sufficiently long to "trigger" analysis of all the relevant factors. *See, e.g.*, *Hill v. Wainwright*, 617 F.2d 375, 378 (5th Cir. 1980) (finding three-year delay triggered analysis of the remaining *Barker* factors). Turning to this factor's second function, the length of delay here tilts in Ramirez's favor. *See Doggett v. United States*, 505 U.S. 647, 651–52, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (explaining that the first *Barker* factor "is actually a double enquiry" because it functions both as a trigger for the speedy-trial analysis and "as one factor among several" that courts must balance). But at the same time, the delay at issue was not "unusually long." *See Laws v. Stephens*, 536 F.App'x 409, 414 & n.7 (5th Cir. 2013) (per curiam) (collecting cases). And it also was too short to

4

weigh heavily in favor of a speedy-trial violation. *See Serna-Villarreal*, 352 F.3d at 232 (concluding that delay of "three years and nine months" did "not weigh heavily in [the defendant's] favor").

**B. Reasons for Delay**

Although no *Barker* factor alone is dispositive, the second one—the reason for the delay—is the "flag all litigants seek to capture." *United States v. Loud Hawk*, 474 U.S. 302, 315, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986). When applying this factor, different reasons for delay are assigned different weights. *Barker*, 407 U.S. at 531. Bad-faith delays designed "to hamper the defense" are "weighted heavily against the government." *Id.* Delays caused by "negligence or overcrowded courts," however, are weighted "less heavily." *Id.* And other delays, such as those attributable to either the defendant or the extraditing country's laws and procedures, do not count against the Government. *See, e.g.*, *United States v. Manning*, 56 F.3d 1188, 1195 (9th Cir. 1995); *United States v. Reumayr*, 530 F.Supp.2d 1200, 1205–06 (D.N.M. 2007). In short, "[p]rejudice will never be presumed where the Government has pursued the defendant with reasonable diligence from his indictment to his arrest." *United States v. Molina-Solorio*, 577 F.3d 300, 305 (5th Cir. 2009) (cleaned up).

Much of the delay in this case is not attributable to the Government. By the Court's calculation, approximately one year and nine months of delay was caused by Ramirez's efforts to prevent her extradition from Colombia to the United States. None of this delay counts against the Government. *See Hill*, 617 F.2d at 378 (noting that delays attributable to the defendant may be excused outright).

The thrust of Ramirez's argument is that, after the Colombian Supreme Court confirmed the legality of her extradition, the Government unnecessarily delayed in bringing her to the United States. Specifically, Ramirez says she spent approximately five months—between March 24, 2021, and September 10, 2021—in a Colombian jail "for no good reason." (Dkt. #7 at 3). But the Government argues, and the Court agrees, that there is a reasonable explanation for this delay: compliance with the Colombian extradition process. According to Tom Heinemann, the attorney advisory at the U.S. Department of State charged with Ramirez's case, "The approximately five months from the time when Embassy Bogota was notified that [Ramirez] was approved for extradition until her surrender is within the normal timeframe for extraditions from Colombia given the logistical challenges of extradition during the pandemic, and is consistent with Colombian law." (Dkt. #19-1 at 2). Ramirez does not address this declaration, and she otherwise fails to show that the delay in bringing her to this Court was due to negligence—much less bad faith—on the Government's part.

Under similar circumstances, the Fifth Circuit has concluded that the second *Barker* factor weighs heavily against a speedy-trial violation. *See, e.g.*, *United States v. Valencia–Quintana*, 136 F.App'x 707, 709–10 (5th Cir. 2005) (addressing nine-year delay where the defendant was incarcerated in the Dominican Republic for seven years and the Government failed to request extradition for two years after his release but consistently inquired into the defendant's status during that time). Other courts have likewise rejected Sixth Amendment speedy-trial claims when a defendant was not promptly extradited following an indictment. *See, e.g.*, *United States v. Vazquez–*

6

*Uribe*, 426 F.App'x 131, 137–38 (3d Cir. 2011) (concluding, in a case involving a six-year delay between indictment and extradition, that the second *Barker* factor did not support the defendant's position because the "delay was principally a function of the different factions that were involved" and "the [United States] government assiduously collaborated with foreign and multinational law enforcement agencies in its efforts to locate" the defendant (quotation omitted)); *Reumayr*, 530 F.Supp.2d at 1203–07 (finding the "reason" for a nearly seven-year delay between indictment and extradition weighed against the defendant because most of the delay was caused by the defendant's challenge to extradition, even though a small amount of the delay could be attributed to the Government); *Manning*, 56 F.3d at 1195 (explaining that a defendant "cannot avoid a speedy trial by forcing the government to run the gauntlet of obtaining formal extradition and then complain about the delay that he has caused by refusing to return voluntarily to the United States").

At bottom, Ramirez actively contested her extradition from Colombia and now comes to this Court complaining about her lack of speedy trial. Yet most of the delay in bringing Ramirez to the United States either was created by Ramirez herself or was a function of the Colombian legal process, matters over which the Government had little, if any, control. It is conceivable, as Ramirez suggests but has not shown, that the Government could have pursued a more aggressive means of securing her for trial following the conclusion of her proceedings in the Colombian courts. But on this record, the approximately five-month delay in extraditing her cannot be attributed to a lack of reasonable diligence on the Government's part. Thus, the

7

second *Barker* factor weighs heavily against Ramirez.

**C. Assertion of the Speedy-Trial Right**

Although Ramirez may have timely asserted her speedy-trial right once the Colombian Supreme Court rejected her extradition challenge, it is arguable that she did not do so when her conduct before that decision is considered. *See United States v. Kresler*, 392 F. App'x 765, 771 (11th Cir. 2010) (per curiam) ("[W]here a defendant is aware that charges are pending against him, his failure to make any effort to secure a timely trial on them (and his apparent desire to avoid one) manifests a total disregard for his speedy trial right." (quotation omitted)); *United States v. Robinson*, 455 F.3d 602, 608 (6th Cir. 2006) ("Where it is shown that the defendant was aware of the charges against him, then this factor weighs heavily against the defendant."); *Reumayr*, 530 F.Supp.2d at 1208. But rather than dwell on this factor, the Court will give Ramirez the benefit of the doubt and conclude that it weighs in her favor.

**D. Prejudice from Delay**

Taken together, the first three *Barker* factors do not weigh heavily in Ramirez's favor. Ramirez is therefore not entitled to a presumption of prejudice; rather, she must show actual prejudice. *Serna-Villarreal*, 352 F.3d at 231. She has not done so.

The Supreme Court has identified three interests protected by the speedy-trial guarantee: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. "Of these, the most serious is the last." *Id.* As to the first interest, "[t]he time spent in jail awaiting trial has a detrimental impact on

8

the individual." *Id.* Concerning the second interest, even absent incarceration, a defendant "is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility." *Id.* at 533. But courts "regard none of the [*Barker*] factors . . . as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Id.*

Here, Ramirez asserts only that she "suffer[ed] from horrendous conditions of incarceration" because of the delay in her extradition. (Dkt. #7 at 3). This conclusory assertion will not suffice. Because Ramirez has failed to "identify [a] specific instance of prejudice flowing from the delay," she has not met her burden to establish actual prejudice. *See Valencia–Quintana*, 136 F.App'x at 710.

**E. Balancing the *Barker* Factors in the Rule 48(b) Context**

In sum, the balance of the *Barker* factors does not support the conclusion that either Ramirez's Sixth Amendment speedy-trial right or Federal Rule of Criminal Procedure 48(b) has been violated. A good portion of the delay at issue is attributable to Ramirez or was justified. And Ramirez has not shown that any delay in bringing her to this Court was the product of prosecutorial misconduct or lack of diligent prosecution. Because the Court in its broad discretion has found no unnecessary delay on the part of the Government, it will not dismiss the indictment filed against Ramirez under Federal Rule of Criminal Procedure 48(b).

### III. CONCLUSION

For the foregoing reasons, Ramirez's Motion to Dismiss Indictment for a Violation of Federal Rule of Criminal Procedure 48(b), (Dkt. #7), is **DENIED**.

**So ORDERED and SIGNED this 19th day of November, 2021.**

                                                              SEAN D. JORDAN
                                                              UNITED STATES DISTRICT JUDGE